UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20189-CR-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

MARLON FRANCESCO MONROY MEONO

Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE came before the undersigned by Order of Reference from United States District Judge Darrin P. Gayles and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by Defendant Marlon Francesco Monroy Meono ("Meono"). Pursuant to such reference the undersigned conducted a change of plea hearing on July 24, 2017 which was attended by Meono, his attorney, Dennis Urbano, and Joseph Schuster, Assistant United States Attorney. The undersigned hereby advises as follows:

1. At the commencement of the change of plea proceedings, the undersigned advised Meono that he had a right to have these proceedings conducted by the United States District Judge assigned to this case. Meono was advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge. The undersigned confirmed that Meono, his attorney, and the Assistant United States Attorney to whom this cause is assigned, consented to the undersigned conducting these proceedings. The undersigned advised Meono that the sentence will be imposed by the District Judge, who will make all findings and rulings regarding such sentence and will conduct a sentencing hearing at a time to be scheduled by the District Judge.

2. The undersigned then conducted a plea colloquy with Meono consistent with the outline set forth in the Bench Book for U.S. District Court Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

3. The undersigned advised Meono of the sentence possibilities as to the charge set forth in the Indictment to which he was tendering a guilty plea, as well as the possible fine and term of supervised release. Meono was advised that the charge to which he was pleading guilty carries a minimum term of imprisonment of ten years up to life, followed by a term of supervised release of five years up to life. Additionally, the District Judge may impose a fine of up to $10,000,000, and there is a mandatory special assessment of $100.00. Meono was also advised that he may be subject to deportation.

4. Meono acknowledged that he was fully satisfied with the services of his attorney and that he had a full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

5. Meono pled guilty to the single Count in the Indictment, namely, conspiracy to distribute more than five kilograms of cocaine knowing that it would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a)(2) and 963.

6. The government submitted a factual proffer for the guilty plea which consisted of all of the essential elements of the offense to which Meono pled guilty.

7. Meono was informed that a Pre-Sentence Investigation Report will be ordered by the District Judge. Meono will remain in custody pending imposition of sentence. The sentencing hearing will be conducted by the District Judge at a time to be scheduled by the District Judge.

Accordingly, and based upon the foregoing and the plea colloquy conducted in this Cause, the undersigned hereby

RECOMMENDS that Meono be found to have freely and voluntarily entered his guilty plea to the offense charged in the single Count in the Indictment, that his guilty plea be accepted, that he be adjudicated guilty of such offense, and that a sentencing hearing as scheduled by the District Judge be conducted for a final disposition of this Cause.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 24th day of July, 2017.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Darrin P. Gayles
      Counsel of Record

3