```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                           MIAMI DIVISION
                      CASE NO. 16-CR-20189


UNITED STATES OF AMERICA,          Miami, Florida

          Plaintiff,               November 30, 2017

vs.                                10:36 a.m. to 11:00 a.m.

MARLON FRANCESCO MONROY MEONO,     Pages 1 to 11

          Defendant.
_____

                       SENTENCING HEARING
              BEFORE THE HONORABLE DARRIN P. GAYLES
                   UNITED STATES DISTRICT JUDGE

APPEARANCES:


FOR THE GOVERNMENT:      ROBERT EMERY, ESQ.
                         UNITED STATES ATTORNEY'S OFFICE
                         99 Northeast Fourth Street
                         Miami, Florida 33132


FOR THE DEFENDANT:       DENNIS URBANO, ESQ.
                         11440 N. Kendall Drive
                         Suite 400
                         Miami, Florida 33176



FOR U.S. PROBATION:      ALEX SERAPHIN, USPO


STENOGRAPHICALLY REPORTED BY:

                         PATRICIA DIAZ, FCRR, RPR, FPR
                         Official Court Reporter
                         United States District Court
                         400 North Miami Avenue
                         11th Floor
                         Miami, Florida 33128
                         (305) 523-5178
```

1          (Call to the Order of the Court.)

2          COURTROOM DEPUTY:  Calling case number 16-CR-20189,

3   United States of America versus Marlon Francesco Monroy Meono.

4          MR. URBANO:  Your Honor, can we have the translator?

5          THE COURT:  Sure.

6          THE INTERPRETER:  I'm sorry, Your Honor, we are getting

7   there.

8          THE COURT:  Okay.

9          COURTROOM DEPUTY:  Calling case number 16-CR-20189,

10  United States of America versus Marlon Francesco Monroy Meono.

11         Counsel, please state your appearance for the record.

12         MR. EMERY:  Good morning, Your Honor, Rob Emery on

13  behalf of the United States.

14         MR. URBANO:  Good morning, Your Honor, Dennis Urbano on

15  behalf of Meono Monroy.  He is present before the court.

16         Also assisting me today is Attorney Roy Rodriguez.

17         MR. RODRIGUEZ:  Good morning, Your Honor.

18         THE COURT:  Okay.  Good morning.

19         And for Probation?

20         THE PROBATION OFFICER:  Good morning, Alex Seraphin on

21  behalf of Probation.

22         THE COURT:  Good morning.  We are here for Mr. Monroy's

23  sentencing.  I have reviewed the presentence report as well as

24  the objections to the report found at -- well, two sets of

25  objections found at Docket Entries 44 and 46.

1                 Counsel, if you want to address those first.

2                 MR. URBANO:  Your Honor, the issue that the defense has

3     is the three-point increase for leader organizer as opposed to

4     a two-level increase.

5                 The current PSI has a level 40 as the total offense

6     level.  We believe it should be a level 39.  Regarding this

7     issue, Your Honor, I have conferred with Mr. Emery on behalf of

8     the Government on several occasions, and not to speak with

9     Mr. Emery, but I believe he is in agreement with a two-level

10    increase, which would put the total offense level at a level

11    39.

12                THE COURT:  All right.  Mr. Emery.

13                MR. EMERY:  Yes, Your Honor, that's correct.

14                The defendant has also agreed in the plea agreement to

15    the two-level enhancement for using firearms during the

16    offense, or possessing firearms.

17                MR. URBANO:  That is correct, Your Honor.

18                MR. EMERY:  So, based on the totality of the facts in

19    this case, Your Honor, we feel that -- and that's why we agreed

20    to it in the plea agreement, a two-level increase rather than a

21    three-level increase in this case.

22                THE COURT:  Is that supported by the facts?

23                MR. EMERY:  The two level, yes, Your Honor.

24                THE COURT:  Why would not the three level be supported

25    by the facts?

1          MR. EMERY:  Your Honor, in this case the defendant
2    served as a broker in Guatemala for go-fast vessels that were
3    coming from Colombia to Guatemala, and then the shipments were
4    going from Guatemala to Mexico and then on up.  It seems that
5    the probation had focused on the otherwise extensive aspect to
6    it.  There is no doubt that there was a lot of cocaine involved
7    in this case, Your Honor, as far as at least 8,000 kilograms
8    but the -- as far as who the defendant supervised, we believe
9    it was less than five.  That's why we agreed to the two level.
10         THE COURT:  Okay.  I think -- I don't think the
11   guidelines focuses on the number of people he supervised but
12   the number of people involved.  And does not the PSI establish
13   that five or more people were involved in the criminal
14   activity?
15         MR. EMERY:  Your Honor, I'd say that's fair to say
16   based on the totality of the circumstance of the conduct, but
17   we were looking -- I was focused more on as far as what the
18   defendant was doing in Guatemala and his organization compared
19   to the overall -- if Your Honor is looking at the overall
20   criminal activity, as far as the go fasting from Colombia to
21   Guatemala, then that's one thing.
22         What I was focusing on was the defendant's organization
23   in Guatemala.  That's why we went with the two points rather
24   than the higher application.
25         THE COURT:  And that involved less than five?

1             MR. EMERY:  Based on the information we have, Your

2    Honor, yes.

3             THE COURT:  All right.  I will sustain the objection

4    and pose a two-level adjustment, although I certainly

5    understand why probation gave the three levels as I think

6    either are supported by the record, but under the

7    circumstances, adjust it to just the two level.

8             The other -- well, that resolves the other objection as

9    to Docket Entry 44.  Correct?

10            MR. URBANO:  Yes, Your Honor.

11            THE COURT:  Now as to the objections in Docket Entry 46

12   regarding how he was paid.

13            MR. EMERY:  Your Honor, the objection appears to be a

14   factual one, and the Government does not object to and agrees

15   with the defense on that.

16            THE COURT:  Okay.

17            MR. URBANO:  That's correct, Your Honor.  It is factual

18   and it doesn't affect the guideline range.

19            THE COURT:  Okay.

20            All right.  So, I will sustain the factual objection as

21   to paragraph 17.  It should not reflect that he received a

22   percentage but rather that he was being paid per successful

23   load.

24            Any other objections that we need to address?

25            MR. URBANO:  No, Your Honor.

```
1            THE COURT:  All right.  Mr. Seraphin, where does that
2    now leave us based on the guideline calculation?
3            THE PROBATION OFFICER:  Your Honor, he would be a level
4    39, which would be a 262 to 327 imprisonment range.
5            THE COURT:  I'm sorry, 262 to 327?
6            THE PROBATION:  262 to 327.
7            THE COURT:  All right.  Mr. Emery, what's the
8    Government's recommendation for an appropriate sentence?
9            MR. EMERY:  We are asking for a low end of the
10   guidelines.  That's what the parties are in agreement as far as
11   recommendation pursuant to the plea agreement.
12           THE COURT:  Okay.  I don't have a problem with that.
13           Is there anything you want to add, Counsel?
14           MR. URBANO:  No, Your Honor, other than the fact that
15   my client did the right thing from the very beginning and we
16   hope to be back before you in the near future.
17           THE COURT:  Okay.  Is there anything the defendant
18   would like to say before I impose a sentence?
19           THE DEFENDANT:  Yes.
20           Good morning, Your Honor, and good morning to all of
21   you here present.
22           I want everyone to know and mainly that I am sorry --
23   but mainly I want to express my sorrow for the offense that I
24   have committed and for my error.
25           I am embarrassed in front of my family and I am very
```

1    sorry for this.  And I wish to ask pardon and help to the
2    Government of the United States for having committed this
3    offense.  I want to ask my wife and my daughter also to pardon
4    me for this offense that I have committed.  We are separated, I
5    am separated from them and, therefore, we cannot raise our
6    daughter the way she deserves.
7         And I wish to let Your Honor know and everyone present
8    that as of the day I was caught up to the present time and
9    after today, I am only thinking of cooperating in order to
10   repair for the damages that I have caused.  That's all.
11        THE COURT:  All right.  The Court having considered the
12   statements of the parties, the presentence report which
13   contains the advisory guidelines and the statutory factors set
14   forth in Title 18, United States Code, Section 3553(a), the
15   Court finds that a sentence at the low end of the guideline
16   range is sufficient to deter further recidivism and to meet the
17   statutory requirements.
18        It is the finding of the Court that the defendant is
19   not able to pay a fine.  It is the judgment of the Court that
20   the defendant, Marlon Francesco Monroy Meono, is committed to
21   the Bureau of Prisons to be imprisoned for 262 months.
22        Upon release from imprisonment, the defendant is to be
23   placed on supervised release for a term of five years.
24        Within 72 hours of release from the custody of the
25   Bureau of Prisons, the defendant shall report in person to the

1   probation office in the district to which he is released.

2           While on supervised release, the defendant shall not
3   commit any crimes.  He shall be prohibited from possessing a
4   firearm or ammunition or other dangerous devices.  He shall not
5   possess a controlled substance, and he shall cooperate in the
6   collection of DNA.

7           He shall also comply with the following special
8   condition or conditions:

9           He shall surrender to Immigration for removal after
10  imprisonment.  He shall also undergo a substance abuse
11  evaluation and any treatment deemed necessary.  He shall comply
12  with the permissible search and he shall pay his outstanding
13  special assessment, which the Court hereby imposes in the
14  amount of $100, which shall be paid immediately to the United
15  States.

16          In sum, the defendant's total sentence is 262 months of
17  imprisonment to be followed by five years supervised release
18  with the standard and special conditions I previously mentioned
19  and a $100 special assessment.

20          Is the Government seeking forfeiture as to Mr. Monroy?

21          MR. EMERY:  No, Your Honor.

22          THE COURT:  All right.  Counsel, now that sentence has
23  been imposed, does the defendant or you object to the findings
24  of fact or the manner in which sentence was pronounced?

25          MR. URBANO:  No, Your Honor.

```
 1              THE COURT:  All right.  Mr. Monroy Meono, you have the
 2   right to appeal your sentence, unless you waived that right
 3   pursuant to your written plea agreement.
 4              It does appear that in paragraph 14 of the plea
 5   agreement you did waive your right to appeal, but to the extent
 6   that you are able to file a notice of appeal, any notice must
 7   be filed within 14 days of entry of the formal judgment.
 8              If you are unable to pay the cost of an appeal, you may
 9   apply for leave to appeal in forma pauperis, meaning at no cost
10   to yourself.
11              Anything else today on behalf of the Government?
12              MR. EMERY:  No, Your Honor, thank you.
13              THE COURT:  This is just a single count indictment?
14              MR. EMERY:  Yes, Your Honor.
15              THE COURT:  Anything else on behalf of the defendant?
16              MR. URBANO:  Yes, Your Honor, recommendation to an
17   institution as close to South Florida as possible.
18              THE COURT:  All right.  I will make those
19   recommendations.
20              MR. URBANO:  Thank you, Your Honor.
21              THE COURT:  It is my understanding in speaking to
22   Mr. Creary, my regular courtroom deputy, that the parties
23   wanted me to set this for status sometime in January and
24   require the defendant's presence?
25              MR. URBANO:  Yeah.
```

```
1              MR. EMERY:  Can I have one minute, Your Honor?
2              THE COURT:  Sure.
3              MR. EMERY:  That's correct.
4              MR. URBANO:  Yes, Your Honor.
5              THE COURT:  Can you give a date sometime in January?
6         Give me a Wednesday.
7              Can you see my status dates or my calendar call dates?
8              COURTROOM DEPUTY:  In December, Judge?
9              THE COURT:  No, in January.  It looks like Wednesday,
10   January 17th.
11             All right.  We will set this for Wednesday,
12   January 17th, at 9:30 a.m. for status.
13             MR. EMERY:  Very well, thank you, Your Honor.
14             MR. URBANO:  Thank you, Your Honor.
15             THE COURT:  We need the defendant's presence at the
16   hearing.
17             (Proceedings were concluded at 11:00 a.m.)
18
19
20
21
22
23
24
25
```

```
 1                        C E R T I F I C A T E
 2
 3
          I hereby certify that the foregoing is an
 4
    accurate transcription of the proceedings in the
 5
    above-entitled matter.
 6
 7
 8
 9
    May 25, 2022              /s/Patricia Diaz
10  DATE                      PATRICIA DIAZ, FCRR, RPR, FPR
                              Official Court Reporter
11                            United States District Court
                              400 North Miami Avenue, 11th Floor
12                            Miami, Florida 33128
                              (305) 523-5178
13
14
15
16
17
18
19
20
21
22
23
24
25
```